José Abraham Torres, Plaintiff and Appellee, *v.* Joaquín Díaz, Defendant and Appellant.

No. 6038.   Argued March 21, 1933.—Decided May 3, 1933.

*G. López Victoria* for appellant.   *O. Souffront* for appellee.

Mr. Justice Córdova Dávila delivered the opinion of the Court.

On or about February 19, 1930, the plaintiff was the owner of a Buick automobile used for the transportation of passengers on the public roads of Puerto Rico, and on that same date the defendant owned a Mack truck used as a public carrier for the transportation of goods and merchandise on said roads.

The complaint alleges that on the said date in a stretch of road between the cities of Mayagüez and San Germán, on Highway No. 2, the plaintiff was driving his car from Mayagüez towards San Germán; that in the same direction and on the same road, Luis Filión, an employee of the plaintiff, then and there acting in the discharge of his duties as such an employee, was driving a truck the property of the defendant.

The accident involved is described in the fifth averment of the complaint, which we transcribe below because the defendant bases his demurrer for lack of facts sufficient to constitute a cause of action upon the allegations set forth therein:

"That while Luis Filión, an employee of the defendant, was driving the defendant's truck at the place and on the date stated in the preceding paragraph, he did so carelessly and negligently, without taking reasonable precautions to safeguard life and property, without exercising due care, and without keeping the said vehicle as far to the right as possible, and when plaintiff's car overtook him and warned him by blowing the horn, the said Luis Filión signaled to the plaintiff to pass him with his car. Plaintiff's car was the fastest of the two vehicles, that of the plaintiff and that of the defendant, and the said Luis Filión did not turn his truck to the right of the road as far as possible but, on the contrary, he kept it in the middle of said road, and just as the plaintiff's car was passing the defendant's, the latter turned the truck he was driving to the left side of the road, into the car of the plaintiff forcing the same into the ditch on the left side of the road and causing considerable damage to it which will be stated further on."

The plaintiff claims $700 as damages to the car, and $150 by reason of the losses he has suffered in being deprived of its use.

Judgment was rendered in favor of the plaintiff and the defendant appealed, assigning several errors that we shall examine in the same order in which they appear in the appellant's brief.

It is urged that the lower court erred in overruling the demurrer for insufficiency of the complaint. This demurrer was filed together with the answer. It does not appear from the record that it was argued in the lower court. The defendant based his demurrer on the claim that from the allegations of the complaint it appears that the plaintiff was guilty of contributory negligence, and that an act is imputed to the driver of the truck of the defendant which is beyond the scope of his employment as defendant's agent or employee.

The complaint avers that the driver of the truck did not turn to the right as far as it was possible but that, on the contrary, he kept it in the middle of the road. The defendant argues that attempting to pass an automobile which is traveling, not on the right side, but in the middle of the road, is a hazardous act amounting to reckless negligence. It is urged, however, that on overtaking the truck, the plaintiff signaled with his horn, and that the driver of the truck urged him to go ahead and pass him. This signal to go ahead constitutes an invitation and it is to be supposed that the person making it will leave the road open for the car that has overtaken him and wants to pass him. Naturally, a prudent man should not attempt to pass until he ascertains that there is sufficient room to do so without danger; but on the face of the complaint it appears that the accident occurred when the truck swerved to the left, from which we may infer that had the driver kept it in its original position the collision would not have occurred. It is not shown on the face of the complaint that the defendant was guilty of contributory negligence. It so appears from its averments,

which we must consider independently of the evidence offered. It is well to add, however, that according to the testimony of the plaintiff, the accident occurred at a place where the road was straight and wide. The driver of the truck, according to the plaintiff, gave him way to pass, but when he was passing him, said driver closed on him intercepting the way.

The appellant further argues that the complaint alleges that the truck was driven against the car of the plaintiff and that this averment charges Luis Filión not with negligence, but with the deliberate commission of a crime, which would be the doing of an act beyond the scope of his employment. The appellant maintains that under these circumstances the defendant is not liable for the acts of his employee, in accordance with the construction given to section 1803 of the Civil Code. The complaint does not allege that Luis Filión acted deliberately and maliciously when he deviated his car to the left of the road and the collision took place. It is averred that while the plaintiff was passing him ''the latter turned the truck he was driving to the left side of the road into the car of the plaintiff.'' Even assuming that such an allegation were sufficient to constitute a crime, the contention of the appellant could not be maintained, because it is alleged in the complaint that the truck owned by the defendant was used as a public carrier in the transportation of goods and merchandise on the public roads of Puerto Rico, and that Luis Filión, when the accident occurred, was driving said truck as an employee of the defendant acting within the scope of his employment. This averment is sufficient to establish the responsibility of the defendant under the rule set forth by this Court in the cases of *Marrero* v. *López et al.,* 15 P.R.R. 746, and *Martínez* v. *Trujillo & Mercado,* 24 P.R.R. 271. The demurrer for insufficiency filed by the appellant was properly overruled.

It is further urged that the court erred in weighing the evidence and in considering as proved that the accident was

due to the fault or negligence of the truck driver, Luis Filión. The lower court held that all the facts alleged in the complaint had been proved, and stated that it gave full credence to the evidence of the plaintiff and none to the testimony given by witnesses of the defendant. The defendant himself, Joaquín Díaz, testified that the truck belonged to him and that he used it principally to transport his own provisions and incidentally those of other merchants of Yauco. He admitted that Luis Filión was his chauffeur, and that he continued to be such until he sold his Mack truck. The court found that Luis Filión was, at the time of the accident, an employee of the defendant acting within the scope of his employment. As appears from the findings of fact, the plaintiff signaled his intention of passing the truck and the truck driver signaled him to go ahead, but instead of turning the truck to the right and keeping that position until the plaintiff had passed, he swerved to the left at the same moment that the plaintiff was attempting to pass him, thus obstructing his way and causing the truck to collide with the car and forcing the latter into the ditch on the left side of the road where it struck a tree and was almost totally destroyed. The lower court added that the accident was due solely and exclusively to the gross negligence of Luis Filión, an employee of the defendant; that the plaintiff was totally unable to avoid it; that there was no contributory negligence on his part; and that the only proximate cause of the accident was the gross negligence of Luis Filión, imputable to the defendant. The findings made by the lower court are based on the evidence introduced. The defendant maintained the theory that on the date and place stated, plaintiff's car had not collided with a truck, but with a tree, when the plaintiff lost control of his car. It is not alleged that the lower court acted with passion, prejudice, or partiality. There is no reason to conclude that it erred in weighing the evidence. This assignment is without merit.

It is urged that the court erred in fixing the damages suffered by the plaintiff. The plaintiff himself and Pablo Cuevas, a mechanic employed by Pedro M. Nieva, testified as to the value of the car. Cuevas stated that the plaintiff had purchased the Buick automobile at the business establishment of Pedro M. Nieva; that he had occasion to see the car when it was sold because they had to examine it and replace the tires and some tools; that at that time the car was worth $800 and after the accident he appraised it at $50. This testimony was uncontradicted and received full credence from the lower court. The court further found that the plaintiff earned an average of $5.00 net from the use of his car as a public service vehicle, and that for over one month he was unable to earn any money from the use of that car or of any other. In view of the evidence, the court adjudged the defendant to pay to the plaintiff the sum of $850.

It is further urged that the court erred in adjudging the defendant to pay costs and attorney's fees. We think that this assignment should be dismissed.

The judgment appealed from should be affirmed.